UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY STANLEY, | No. 2:16-cv-3031 MCE KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN RON DAVIS, et al., | |
| Respondents. | |

Petitioner is a state prisoner on death row, housed at San Quentin State Prison. Petitioner has not paid the court's filing fee, or filed an application to proceed in forma pauperis. However, because it is clear from the face of the petition that petitioner does not challenge the fact or duration of his confinement, the undersigned recommends that the petition be summarily dismissed.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id.

First, petitioner filed his claims on a Northern District of California petition for a writ of habeas corpus form, noting his Butte County conviction and death penalty sentence. (ECF No. 1 at 1.) But court records reflect that petitioner is already seeking habeas relief, through counsel, challenging his Butte County conviction in Stanley v. Calderon, No. 2:95-cv-1500 JAM CKD

(E.D. Cal.). Thus, petitioner must raise any challenges to the fact or duration of the Butte County conviction in case no. 2:95-cv-1500 JAM CKD.

Second, as grounds for relief, petitioner claims that on December 20, 2016, he was denied access to his attorneys and to the courts; and claims that all San Quentin staff denied petitioner law library and legal calls for reporting all of the incidents that occurred on December 20, 2016.

A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to the validity or length of his sentence, but challenges to a prisoner's conditions of confinement must be brought through a civil rights action. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (adopting "the Supreme Court's strong suggestion that a § 1983 action is the exclusive vehicle for claims that are not within the core of habeas."). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

Here, petitioner does not challenge his conviction, the execution of his sentence, or the fact of his custody or incarceration. Rather, petitioner challenges incidents that occurred at San Quentin on December 20, 2016. These claims do not implicate the fact or duration of petitioner's sentence and such claims "must be brought, if at all, under 42 U.S.C. § 1983." Nettles, 830 F.3d at 925 (citing Preiser, 411 U.S. at 487.) Because petitioner's claims do not sound in habeas, his petition must be summarily dismissed.

Third, this court will not recommend that petitioner's filing be construed as a civil rights complaint for multiple reasons. Such claims were filed in the wrong court. Any challenge to conditions of confinement at San Quentin must be filed in the Northern District of California. In addition, in order to pursue a civil rights complaint, petitioner must pay the court's filing fee. Even if petitioner is granted leave to proceed in forma pauperis, he will be required to pay the $350.00 filing fee in installments from his prison trust account. Thus, petitioner should decide whether he wishes to pursue a civil rights action under 42 U.S.C. § 1983 in the Northern District. Finally, petitioner must first exhaust his administrative appeals through the third level of review before he may file a civil rights complaint in federal court.

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

"Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 95-96 (2006). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Following amendments that took effect January 28, 2011, California prisoners are required to proceed through three levels of appeal to exhaust the administrative appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the CDCR. See 15 Cal. Code Regs. § 3084.1-3084.9. A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). See Lira v. Herrera, 427 F.3d 1164, 1166-67 (9th Cir. 2005); see also Cal. Code Regs. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010).[1]

---

[1] To initiate an appeal, the inmate must submit a CDCR Form 602 describing the issue to be appealed and the relief requested to the appeals coordinator's office at the institution. Id. § 3084.2(a)-(c). An inmate must submit the appeal within 30 calendar days of: (1) the occurrence of the event or decision being appealed; or (2) first having knowledge of the action or decision being appealed; or (3) receiving an unsatisfactory departmental response to an appeal. Id. § 3084.8(b). Specific time limits apply to the processing of each administrative appeal. See Cal. Code Regs. tit. 15, § 3084.8. Absent any specific exceptions, the first and second level administrative responses are required to be completed "within 30 working days from [the] date of receipt by the appeals coordinator," and a third level response is due within 60 working days from the date the appeal is received by the appeals chief. Id.

Because the alleged events occurred on December 20, 2016, a little over a month ago, it appears unlikely that plaintiff pursued his administrative appeal through the third level of review prior to filing the instant action.

For all of these reasons, the court declines to construe the petition as a civil rights complaint.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 27, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stan3031.hc.summ.dm

4